**UNPUBLISHED**

UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

**No. 10-4954**

UNITED STATES OF AMERICA,

            Plaintiff – Appellee,

      v.

OLUSOLA IDOWU,

            Defendant - Appellant.

Appeal from the United States District Court for the District of
Maryland, at Baltimore.   Marvin J. Garbis, Senior District
Judge.  (1:09-cr-00298-MJG-1)

Submitted:  August 4, 2011        Decided:  August 24, 2011

Before WILKINSON, DAVIS, and WYNN, Circuit Judges.

Affirmed by unpublished per curiam opinion.

James Wyda, Federal Public Defender, Susan A. Hensler, Staff
Attorney, Baltimore, Maryland, for Appellant. Rod J. Rosenstein,
United States Attorney, Peter M. Nothstein, Bonnie S. Greenberg,
Assistant United States Attorneys, Baltimore, Maryland, for
Appellee.

Unpublished opinions are not binding precedent in this circuit.

PER CURIAM:

Olusola Idowu appeals from her wire fraud convictions, asserting that the district court improperly instructed the jury on the materiality of the false statements transmitted by wire. The charged wire fraud concerned loan applications transmitted in 2004 and 2005 and containing false information regarding income and assets. Idowu's defense at trial was that the false statements at issue were not material because, in 2004 and 2005, mortgage funders did not rely on these statements as lenders were just hoping to make a quick profit and sell the mortgages. Finding the jury instructions were proper, we affirm.

Idowu claims the district court erred by not using the materiality instruction she provided to the court, which specified that the false statements must have been material to a reasonable person approving mortgage loans in 2004 and 2005. Idowu asserts that the failure to give this instruction impaired her ability to mount an effective defense because the jury was not directed to consider the relevant time frame. Idowu contends that her defense rested on the drastic difference in underwriting standards during the relevant time period, when compared to today, and that the court's instruction was not specific enough to alert the jury to the issue.

The Government notes that Iduwo did not object to the district court's jury instructions when given the opportunity

2

and thus review is for plain error. Iduwo claims that her request for a different instruction was sufficient to preserve her objection. Iduwo is incorrect.

In United States v. Nicolaou, 180 F.3d 565, 569 (4th Cir. 1999), we reviewed for plain error the Appellant's claim that the jury instruction was improper. Like in this case, the Appellant submitted a proposed instruction but did not object when the court gave different instructions to the jury. Under Rule 30 of the Federal Rules of Criminal Procedure, objections to the jury instructions or to the failure to give a requested instruction must be specific and the court must be informed of the grounds for objection before the jury retires to deliberate. Under Rule 30, "[f]ailure to object in accordance with this rule precludes appellate review" except for plain error.

By virtue of not objecting to the district court's materiality instruction, Idowu failed to preserve her claim. Thus, our review is for plain error. See also United States v. Arthurs, 73 F.3d 444, 447-48 (1st Cir. 1996) (requiring strict compliance with Rule 30 and holding that pre-charge colloquy or written objections will not suffice; an objection is required after the jury is charged and before the jury retires). Under the plain error standard, Idowu must show: (1) there was error; (2) the error was plain; and (3) the error affected her substantial rights. United States v. Olano, 507 U.S. 725,

732-34 (1993). When these conditions are satisfied, we may exercise our discretion to notice the error only if the error "seriously affect[s] the fairness, integrity or public reputation of judicial proceedings." Id. at 736 (internal quotation marks omitted). The burden of showing plain error is on the defendant. United States v. Strickland, 245 F.3d 368, 379-80 (4th Cir. 2001).

Initially, we note that Idowu does not address the plain error review standard in her brief and thus fails to support her burden of establishing plain error. In fact, in her reply brief, Idowu does not dispute that she cannot show plain error. She rests solely on her contention that plain error review does not apply.

In any event, Idowu has failed to show any error, much less plain error. The district court gave a legally correct instruction on materiality which was the functional equivalent of Idowu's requested instruction. Idowu's assertion of error rests on her conclusion that the jury was not properly instructed that materiality should be viewed in light of what a reasonable and prudent lender would have relied upon in 2004 and 2005. However, the instruction given informed the jurors that they were to consider a reasonable and prudent lender in the circumstances of those who decided whether to make the loans at issue. As the loans at issue were made in 2004 and 2005, the

4

jury was instructed, albeit in different words, as Idowu requested. See United States v. Lighty, 616 F.3d 321, 366 (4th Cir. 2010) (holding that this court will reverse for failure to give requested instruction only if requested instruction was not substantially covered by the court's charge).

Moreover, even had the instruction been improper, Idowu has failed to make any showing as to the remaining prongs of the plain error test. Accordingly, we affirm Idowu's wire fraud convictions. We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before the court and argument would not aid the decisional process.

AFFIRMED

5